Charles S. SLUSSER, a minor, by his guardian and next friend, Hazel GILL, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. Civ.A.7:99–CV–00251.

United States District Court, W.D. Virginia, Roanoke Division.

Jan. 26, 2000.

---

Charles D. Bennett, Jr., Roanoke, VA, for Plaintiff.

Julie C. Dudley, Asst. U.S. Atty., Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

CONRAD, United States Magistrate Judge.

Hazel Gill filed this action on behalf of her grandson, Charles S. Slusser, challenging the final decision of the Commissioner of Social Security denying Charles S. Slusser's claim for child's supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383d. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3) which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The case is before the undersigned United States Magistrate Judge pursuant to consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

As reflected by the memoranda and arguments submitted by the parties, the issues now before this court are whether there is substantial evidence to support the Commissioner's conclusion that Charles S. Slusser is not entitled to child's supplemental security income benefits, and if there is not, whether plaintiff has met the burden of proof in establishing entitlement to benefits as prescribed by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir.1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

An application for child's supplemental security income benefits was filed on behalf of Charles S. Slusser on August 3, 1995.[1] In filing his application, plaintiff alleged that he has been disabled within the meaning of the Act since his birth on June 18, 1991 due to developmental delays.

Plaintiff's claim was denied upon initial consideration and reconsideration. He then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated February 24, 1998, the Law Judge also concluded that plaintiff is not entitled to child's supplemental security income benefits. The Law Judge found that plaintiff suffers from mild attention deficit hyperactivity disorder. While the Law Judge considered this condition to be severe, he ruled that plaintiff's impairments do not meet or equal any listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404. He also concluded that plaintiff's impairments are not functionally equivalent in severity to any listed impairment. Based on the finding that plaintiff is not disabled, the Law Judge concluded that plaintiff is not entitled to child's supplemental security income benefits. *See, gen.,* 20 C.F.R. § 416.924. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, plaintiff has now appealed to this court.

In 1996, Congress promulgated new eligibility standards for applicants for child's supplemental security income benefits. The new legislation, known as the Personal

---

1. For purposes of consistency and clarity, Charles S. Slusser hereinafter shall be referred to as the plaintiff in this case.

Responsibility and Work Opportunity Act of 1996, was signed into law by the President on August 22, 1996. § 211(a)(4) of the Act, codified at 42 U.S.C. § 1382c(a)(3)(C), provides as follows:

(i) An individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

(ii) Notwithstanding clause (i), no individual under the age of 18 who engages in substantial gainful activity (determined in accordance with regulations prescribed pursuant to subparagraph (E)) may be considered to be disabled.

New administrative regulations have been promulgated in implementation of the provisions of the Personal Responsibility and Work Opportunity Act of 1996. The new regulations relevant to the instant case are set forth under 20 C.F.R. § 416.924, *et seq.* Under 20 C.F.R. § 416.924, a three step test is established for purposes of adjudication of child's supplemental security income benefit claims. The first determination is whether the child is working and performing substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not working, it must then be determined whether the child suffers from a severe (more than slight or minimal) impairment or combination of impairments. 20 C.F.R. § 416.924(c). If the child suffers from a severe impairment or combination of impairments, it must then be determined whether the child's impairment(s) meet, medically equal, or functionally equal an impairment listed under Appendix I to Subpart P of the Administrative Regulations Part 404. 20 C.F.R. § 416.924(d). Provisions for medical equivalence are established under 20 C.F.R. § 416.926. Provisions for functional equivalence are es-

tablished under 20 C.F.R. § 416.926a. Stated generally, to functionally equal a listed impairment, a child must demonstrate one "extreme" limitation in one area of functioning, or show "marked" limitation in two areas of functioning. 20 C.F.R. § 416.926a(b). There are six areas of functioning to be considered: cognition/communication ability; motor ability; social ability; responsiveness to stimuli (birth to age one only); personal ability (age three to age eighteen only); and concentration, persistence, or pace (age three to age eighteen only). 20 C.F.R. § 416.926a(c)(4).

In the instant case, the Law Judge found that plaintiff suffers from nothing more than a mild attention deficit hyperactivity disorder. The Law Judge reviewed a number of statements and observations about plaintiff which had been made by various educators, medical resource persons, and family members. Based strictly on his review of these subjective assessments, the Law Judge found that plaintiff's condition does not functionally equal a listed impairment, because he does not suffer from any extreme or marked limitations in any broad areas of development or functioning. See 20 C.F.R. § 416.926a(b)(2). On appeal to this court, plaintiff argues that the Law Judge overlooked or disregarded results from certain standardized tests which were used to measure plaintiff's functional abilities. Plaintiff asserts that the standardized testing results in his case establish marked limitations in at least two areas of functioning. Thus, plaintiff maintains he has established that he has impairments which are functionally equivalent in severity to a listed impairment. Having reviewed the record in this case, the court is constrained to agree.

Under 20 C.F.R. § 416.926a(c)(3)(i), "marked" limitation is defined as follows:

(A) When standardized tests are used as the measure of functional abilities, a valid score that is two standard deviations

or more below the norm for the test (but less than three standard deviations); or

(B) For children from birth to attainment of age 3, functioning at more than one-half but not more than two-thirds of chronological age; or

(C) For children from age 3 to attainment of age 18, "more than moderate" and "less than extreme." Marked limitation may arise when several activities or functions are limited or even when only one is limited as long as the degree of limitation is such as to interfere seriously with the child's functioning.

Plaintiff has been the subject of several intellectual and standardized educational tests. The intelligence testing has revealed somewhat substandard IQ measurements, though well in excess of those required for a finding of disability. On the other hand, two Battelle Developmental Inventories have demonstrated markedly impaired developmental skills. The court agrees that the Battelle Inventories are especially significant, since they measure performance in the areas of functioning set forth under the aforementioned administrative regulations.

The first Battelle Inventory was completed on March 15, 1995 when plaintiff was forty-five months old. (TR 94). At that time, the testing revealed that plaintiff ranked in the first percentile in both personal/social developmental skills and self-help developmental skills. In other areas, plaintiff was found to rank in the third through the eleventh percentiles.

A second Battelle Inventory was completed on January 22, 1996. (TR 115). On that occasion, plaintiff was again found to rank in the first percentile in personal/social developmental skills and in the first percentile in adaptive developmental skills.[2] In terms of the overall inventory, plaintiff was said to rank in the first percentile.

The record suggests that a third Battelle Inventory was administered on March 11, 1997. (TR 158). However, the percentile results are not reported in the administrative record before the court. The court notes that the results suggest developmental delays which are essentially the same as those documented by the second Inventory.

As suggested above, the Administrative Law Judge did not explicitly address the significance of any of the standardized testing results, other than to note that plaintiff does not experience a severe intellectual impairment. In fairness to the Commissioner, the court observes that the results from the first Inventory are somewhat suspect, given the notation of plaintiff's distraction and lack of cooperation in certain of the testing functions. (TR 95). However, the examiner who completed the second Inventory considered the results to be an accurate reflection of plaintiff's functioning and development. Indeed, all of the educators whose reports were cited by the Administrative Law Judge premised much of their evaluations on the Inventory results. The court concludes that the Commissioner erred in not giving substantial weight to the standardized testing results in this case.

The court takes notice of the fact that a score within the first percentile represents at least two standard deviations below the norm for the test. Indeed, this court has consistently held that performance within the first percentile establishes the existence of a marked limitation. Even assuming that the Inventory of January 22, 1996 constitutes the only valid testing in this case, the court finds that a personal/social total in the first percentile demonstrates a marked impairment in plaintiff's social ability, as contemplated under 20 C.F.R. § 416.926a(c)(4)(iii), and that an adaptive total within the first percentile demonstrates a marked impairment in personal ability, as contemplated under 20

---

**2.** For purposes of the testing, adaptive developmental skills were said to include attention, eating, dressing, personal responsibility, and toileting. (TR 115).

C.F.R. § 416.926a(c)(4)(v). Inasmuch as plaintiff has clearly established the presence of marked limitations in two broad areas of development and/or function, the court concludes that plaintiff has met the burden in establishing that his impairments functionally equal a listed impairment. 20 C.F.R. § 416.926a(b)(2). It follows that plaintiff has met the burden of proof in establishing disability for purposes of his claim for child's supplemental security income benefits. 20 C.F.R. § 416.924(a).

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing disability, judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying child's supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements for child's supplemental security income benefits, the court must remand the case to the Commissioner for an appropriate determination. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.